UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| VANESSA K. ISHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | No. 3:08-CV- 423 |
| ) | (PHILLIPS/SHIRLEY) |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding disposition by the District Court of Plaintiff's Motion for Summary Judgment and Memorandum in Support [Docs. 11 and 12] and Defendant's Motion for Summary Judgment and Memorandum in Support [Docs. 15 and 16]. Plaintiff Vanessa K. Isham ("Plaintiff") seeks judicial review of the decision of the Administrative Law Judge ("ALJ") denying her benefits, which is the final decision of the Defendant, Michael J. Astrue, Commissioner of Social Security ("the Commissioner").

On September 24, 2004, Plaintiff filed an application for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI"), claiming a period of disability which began May 1, 2004. [Tr. 25]. After her application was denied initially and also denied upon reconsideration, Plaintiff requested a hearing. On June 7, 2007, a hearing was held before an ALJ to review determination of Plaintiff's claim. [Tr. 555-581]. On October 11, 2007, the ALJ found that Plaintiff was not disabled. [Tr. 22-34]. The Appeals Council denied Plaintiff's

request for review; thus the decision of the ALJ became the final decision of the Commissioner. [Tr. 6-9]. Plaintiff now seeks judicial review of the Commissioner's decision.

**I.     ALJ FINDINGS**

The ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since May 1, 2004, the alleged onset date (20 C.F.R. 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3. The claimant has the following severe combination of impairments: hearing loss, anxiety/borderline intellectual functioning, migraines, gastroesophageal reflux disease, hypertension, torn ligament in the knee, left shoulder injury and shortness of breath (20 C.F.R. 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light exertion with additional limitations: avoid excessively noisy conditions, no more than occasional climbing, stooping, bending, avoid work requiring any crawling, kneeling, claimant would require that she have stand, sit/walk for comfort. In addition, the claimant is precluded from work requiring more than occasional reaching overhead with left arm and no job requiring constant heavy gripping either hand. Lastly, the claimant can do simple work, has some social problems, but can interact appropriately and can adapt to infrequent changes in work routine.

6. The claimant is unable to perform any past relevant work (20

        C.F.R. 404.1565 and 416.965).

7. The claimant was born on December 19, 1956 and was 47 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 C.F.R. 404.1563 and 416.963).

8. The claimant has a limited education and is able to communicate in English (20 C.F.R. 404.1564 and 416.964).

9. Transferability of job skills is not an issue in this case because the claimant's past relevant work is unskilled (20 C.F.R. 404.1568 and 416.968).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 C.F.R. 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a disability, as defined in the Social Security Act, from May 1, 2004 through the date of this decision (20 C.F.R. 404.1520(g) and 416.920(g)). [Tr. 27- 34].

## II. DISABILITY ELIGIBILITY

An individual is eligible for DIB payments if he is insured for DIB, has not attained retirement age, has filed an application for DIB, and is under a disability. 42 U.S.C. § 423(a)(1). An individual is eligible for SSI payments if he has financial need and he is aged, blind, or under a disability. See 42 U.S.C. § 1382(a). "Disability" is the inability "[t]o engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A). An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age,

3

education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

Whether a DIB or SSI claimant is under a disability is evaluated by the Commissioner pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). A claimant bears the burden of proof at the first four steps. Id. The burden of proof shifts to the Commissioner at step five. Id. At step five, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

4

**III.    STANDARD OF REVIEW**

In reviewing the Commissioner's determination of whether an individual is disabled, the Court is limited to determining whether the ALJ applied the correct legal standards and whether there is substantial evidence in the record to support the ALJ's findings. Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). If the ALJ's findings are supported by substantial evidence based upon the record as a whole, they are conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387 (6th Cir. 2004); 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Heston v. Comm'r of Soc. Sec., 245 F.3d 528, 534 (6th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, Plaintiff bears the burden of proving her entitlement to benefits. Boyes v. Sec'y. of Health & Human Serv., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV. ANALYSIS

On appeal, Plaintiff argues that substantial evidence did not support the ALJ's determinations that (A) she did not suffer from an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, and (B) she had the residual functional capacity ("RFC") to perform the requirements of occupations such as inspector/tester/sorter, parking lot attendant, and survey office monitor. Plaintiff contends that she did and does suffer from mental retardation as defined in 20 C.F.R. Part 404, Subpart P, Appendix 1, Part A, Section 12.05(C). Plaintiff also contends that the ALJ made three specific errors in determining her RFC, namely: (1) failing to give adequate weight to Plaintiff's emotional and intellectual problems; (2) finding that Plaintiff's daily activities were only mildly restricted; and (3) failing to address evidence of Plaintiff's reduced hearing. Plaintiff argues that the ALJ's three errors caused him to make a determination of her RFC that was incorrect and unsupported by the record. Plaintiff further argues that the ALJ's subsequent determination that her RFC permitted her to engage in certain jobs was not supported by substantial evidence. Plaintiff maintains that she is unable to perform basic job functions and is therefore unable to obtain gainful employment. Accordingly, Plaintiff concludes that she is under a disability and entitled to DIB and SSI payments.

The Commissioner, in response, contends that substantial evidence supported the ALJ's determinations. The Commissioner argues that even though Plaintiff cannot engage in her past relevant work, the record contained substantial evidence on which to base a finding that she has the residual functional capacity to perform jobs that exist in the national economy in significant numbers. Therefore, the Commissioner concludes that Plaintiff is not under a disability and not entitled to DIB and SSI payments.

**A.  The ALJ's determination that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 was not supported by substantial evidence.**

Plaintiff contends that she did and does suffer from mental retardation as it is defined by the Listing of Impairments found in 20 C.F.R. 404, Subpart P, Appendix 1, Part A, Section 12.05(C). That section provides in relevant part:

> "**12.05** *Mental retardation:* Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> **(C)** A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." 20 C.F.R. § 404, Subpt. P, App. 1, §12.05.

If Plaintiff indeed had an impairment or combination of impairments that met or equaled the definition of mental retardation in §12.05(C), then Plaintiff was under a disability and there was no need for the ALJ to consider her age, education, or work experience or to make a determination of her RFC. See 20 C.F.R. §404.1520(d)-(e).

Plaintiff argues that her uncontroverted testimony that she was placed in special education classes throughout her schooling is conclusive evidence that demonstrates that she has "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially" and that the onset occurred prior to age 22. [Tr. 563]. Plaintiff next argues that her verbal, performance, and full scale IQ scores were all less than 70 when measured by a state Disability Determination Services (DDS) psychologist, Dr. William Kenney, Ph.D., on July 27, 2007. [Tr.

7

490]. Further, Plaintiff points out that another DDS psychologist, Tracy Allred, Ed.D., opined that her functioning fell within the borderline to mild mental retardation range after he conducted an examination of Plaintiff on February 8, 2005. [Tr. 287]. Finally, Plaintiff argues that the record clearly indicates that she has other physical and mental impairments "imposing an additional and significant work-related limitation of function." See 20 C.F.R. §404, Subpt. P, App. 1, §12.05(C).

In Abbott v. Sullivan, 905 F.2d 918, 924-25 (6th Cir. 1990), the Court of Appeals for the Sixth Circuit held that a failure by the Appeals Council to analyze a DIB and SSI claimant's potential mental retardation under the terms of §12.05(C) was an error that provided grounds for remand. Plaintiff relies on Abbott for her contention that the ALJ in her case was required to expressly lay out in his narrative decision an analysis of why her impairments did not meet or equal the criteria set out in §12.05(C) for mental retardation. [Doc. 12 at 14]. The court in Abbott characterized the Appeals Council's error as follows:

> "Nowhere in its opinion does the Council refer to section 12.05 or any of the unique criteria for determining disability contained therein. The narrative decision of the Appeals Council contains no analysis whatsoever of whether Abbott's mental retardation meets the unique criteria set out in section 12.05." 905 F.2d at 925 n. 4.

Plaintiff argues that the ALJ in her case committed the exact same procedural error. Plaintiff contends that the ALJ's failure to expressly discuss her impairments within the §12.05(C) framework is cause for remand even if the Court finds that the ALJ could have properly concluded that those impairments did not meet or equal the definition of mental retardation had he in fact discussed the issue in his narrative.

The Commissioner does not respond to Plaintiff's contention that the ALJ was required to expressly analyze Plaintiff's impairments under §12.05(C). Instead, the Commissioner argues that

8

even if Plaintiff's IQ scores as measured by Dr. Kenney were valid *and* Plaintiff had other physical and mental impairments "imposing an additional and significant work-related limitation of function," there was still substantial evidence in the record that Plaintiff did not have "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period." See 20 C.F.R. §404, Subpt. P, App. 1, §12.05.  Essentially, the Commissioner argues that any procedural error committed by the ALJ was harmless because there was substantial evidence in the record that supported the ALJ's ultimate determination that Plaintiff was not mentally retarded.

The Commissioner points to three specific facts in the record to support his contention that substantial evidence supported the ALJ's determination.  First, DDS psychologist Tracy Allred noted in his "diagnostic impression" of Plaintiff that he had "rule[d] out borderline intellectual functioning." [Tr. 286]. Second, a DDS psychologist completed a Psychiatric Review Technique Form (PRTF) on April 20, 2005 and did not indicate that Plaintiff was mentally retarded under §12.05. [Tr. 300]. Third, Dr. Kenney concluded in his examination report that "overall, [Plaintiff's] daily functioning over the years has been more in the borderline range since she was able to keep jobs or a number of jobs for 6 and 15 years, respectively." [Tr. 491].

The Court is unpersuaded by the Commissioner's somewhat one-sided presentation of the facts.  The Court notes that Dr. Kenney specifically listed "*mild mental retardation* to lower borderline intellectual functioning" as his first diagnostic impression of Plaintiff. [Tr. 491 (emphasis added)].  The Court also notes that Tracy Allred stated in his examination report that Plaintiff "appears to fall within the borderline to *mild mental retardation* range of functioning." [Tr. 287 (emphasis added)].  More importantly, the Court agrees with Plaintiff's argument that, under the

9

holding in Abbott, the ALJ was required to expressly analyze Plaintiff's impairments under §12.05(C) because the record contained IQ scores under 70. See 905 F.2d at 925. Abbott dictates that an ALJ's failure to follow the procedural requirement of explaining in the narrative decision why a claimant with IQ scores under 70 does not have an impairment or combination of impairments that meets or equals the definition of mental retardation under §12.05(C) is grounds for remand. Id. The Commissioner has offered no contrary or competing authority, and the Court interprets Abbott as having established a *mandatory* procedural requirement.[1]

Because the ALJ did not expressly provide reasons for why Plaintiff's impairments did not meet or equal the 20 C.F.R. §404, Subpt. P, App. 1, §12.05(C) definition of mental retardation despite the presence in the record of Plaintiff's IQ scores, there is not substantial evidence to support

---

[1] The Court of Appeals for the Sixth Circuit has recently reconfirmed that an ALJ's failure to follow certain procedural requirements governing his decisionmaking "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." Blakley v. Comm'r of Soc. Sec., No. 08-6270, 2009 WL 3029653 at *7 (6th Cir. September 24, 2009) (quoting Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 243 (6th Cir. 2007)). In Blakley, the plaintiff's claim was remanded to the Commissioner because the ALJ failed to follow the procedural requirement of identifying reasons for discounting the opinions of treating physicians and explaining precisely how those reasons affected the weight accorded to the opinions. 2009 WL 3029653 at *7. The procedural requirement of "reason-giving" exists so that claimants can understand the disposition of their cases and so that a court can meaningfully review the ALJ's application of the general rule that the opinion of a treating source be given controlling weight. Id. (quoting Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004)); see also 20 C.F.R. §404.1527(d)(2). The fundamental purpose of the reason-giving requirement is to "ensure that each denied claimant receives fair process." Id. In Blakley, the Court of Appeals concluded that an ALJ's failure to follow the reason-giving requirement amounts to a denial of fair process and warrants remand when it makes meaningful judicial review of the ALJ's decision impossible. Id. at *7, 9-10. The reasoning in Blakley leads the Court to conclude that its interpretation of Abbott is correct. Like the reason-giving requirement, the procedural requirement that the Commissioner expressly explain in his final decision why a claimant with IQ scores under 70 does not meet the criteria for the listed impairment of mental retardation exists to ensure that each claimant receives fair process. Therefore, a failure to provide an express explanation is also grounds for remand if it makes meaningful judicial review of the ALJ's decision impossible.

10

his finding that Plaintiff had no listed impairment. [Tr. 28]. Accordingly, the Court finds that the ALJ committed an error that justifies remand of Plaintiff's claim for DIB and SSI payments.

It is not the Court's place to reweigh the evidence contained in the record to make a determination about whether Plaintiff was or is mentally retarded under 20 C.F.R. §404, Subpt. P, App. 1, §12.05(C). See Longworth, 402 F.3d at 595. Instead, the Court must only look to see whether substantial evidence existed for the determination that was made by the ALJ. The Court finds that the ALJ's failure to expressly discuss Plaintiff's IQ scores and analyze her impairments within a §12.05(C) framework denotes a lack of substantial evidence for his determination. The Court reiterates that the fact that the record may ultimately possess substantial evidence to support a conclusion that Plaintiff is not mentally retarded under §12.05(C) is irrelevant because the ALJ's procedural error denied Plaintiff fair process. See Blakley, 2009 WL 3029653 at *9-10; Abbott, 905 F.2d at 925. This case must be remanded because the ALJ's narrative decision does not provide the Court with any basis on which to engage in a meaningful review of his determination that Plaintiff's impairments did not meet or equal the §12.05(C) definition of mental retardation. See id.

## V.   CONCLUSION

The Court does not reach the question of whether the ALJ's determination that Plaintiff has the RFC to perform the requirements of occupations such as inspector/tester/sorter, parking lot attendant, and survey office monitor was supported by substantial evidence. Because the Commissioner improperly assessed whether Plaintiff was under a disability at step three of the five-step analysis of Plaintiff's claim, review of the Commissioner's determinations at step four and step five would be premature at this time. See Walters, 127 F.3d at 529 (citing 20 C.F.R. § 404.1520).

For the foregoing reasons, it is hereby **RECOMMENDED**[2] that the Commissioner's Motion for Summary Judgment **[Doc. 15]** be **DENIED**, and that Plaintiff's Motion For Summary Judgment **[Doc. 11]** be **GRANTED** to the extent that it requests that this case be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for a new hearing consistent with this report.

Respectfully submitted,

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

---

[2]Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).